Dykman, J.
A writ of certiorari was sent to the defendants commanding them to certify and return to this court their proceedings concerning the suspension of the relator from the office of captain of the police force of the county of Bichmond, to the end that the same might be passed in review before the supreme court.
In obedience to the writ the defendants sent up their return, and the record is before us for review.
The charge against the relator was a general one for inefficiency and dereliction of duty in failing to have the orders of the police board carried into effect, and the specifi *364 cations were of the same general nature charging a failure to enforce the excise laws in Richmond county.
There was neither fault nor omission of official duty charged specifically against the relator, and there was nothing for him to meet, but an indefinite charge of failure to enforce the excise laws in his precinct which was co-extensive with his county.
When it is considered that the powers with which the relator was vested were executory and not judicial it will be readily understood that in the main the enforcement of the excise laws was entirely beyond the scope of his authority.
True, he could cause arrests for intoxication. in public places and for other specific offenses against the law committed in his presence, but he was not charged with any dereliction of duty in these respects. And when we look over the testimony brought against the relator we find it as general and unsatisfactory as the charge and specifications. It was directed to the proof of the fact that saloons and taverns were open for the sale of spirituous liquors on the Island on Sundays, and that men were intoxicated in the evening in the streets. There was no effort to show any of those occurrences were in the presence of the relator, or that they were brought to his attention or knowledge, or that he ever omitted his duty in one single instance or in one single particular.
Then when the relator came to his defense and endeavored to introduce proof of his fidelity to his official duty and his fitness for the position to which he had been elevated, his testimony was rejected, and all evidence of that character was excluded and turned aside.
He desired to examine the president of the board as a witness, and his request was denied, and that officer refused to be sworn as a witness.
So marked and erroneous were the rulings of the board in the exclusion of testimony beneficial to the relator, that they cannot be credited to error of judgment entirely, and while it is true that a wide discretion was vested in the commissioners in the determination of the main question,, yet the. relator had some legal rights, and among the most sacred of those was the right to introduce any legitimate proof to establish his freedom from fault and his innocence of the charge brought against him. He was entitled to a trial, and that privilege secured him the right to a fair trial, and an opportunity to introduce any testimony to demonstrate the falsity of the charge brought against him.
There is neither charge nor proof of the incompetency of the relator, nor of his unfitness to fill the position of cap- *365 ta.irq and the findings of the board and the reduction of the relator to the rank of sergeant, were unsupported by testimony, and should be reversed, and the relator should be restored to his rank and place as captain, from which he was so unlawfully reduced.
After the relator had been reduced to the rank of sergeant, he was assigned to duty in that capacity, and upon the theory and insistence that his reduction was illegal and unjustifiable, he refused obedience to the orders given him, and was tried for such disobedience and dismissed from the police force, and that proceeding is also brought to us by certiorari for review.
In view, however, of the conclusion reached by us upon the main question, we deem it unnecessary to decide the question presented for review. The relator was improperly and illegally deposed from his position as captain, and he was not required to accept or fill any subordinate position, and now he will be restored to his legal rights and his lawful position.
Barnard, P. J., and Pratt, J., concur.